UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LOUIS C. NERISON,

    Plaintiff,

v.                                  Case No. 8:26-cv-324-MSS-CPT

STACEY PETCOL,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

This cause is before me sua sponte following pro se Plaintiff Louis C. Nerison's failure to comply with the Court's Orders striking his *Application to Proceed in District Court Without Prepaying Fees or Costs* (IFP Motion) and directing him either to pay the Court's filing fee or to file an amended IFP Motion. (Docs. 11, 12). For the reasons discussed below, I respectfully recommend that Nerison's complaint be dismissed without prejudice and that the Clerk of Court be instructed to close the case.

I.

In January 2026, Nerison initiated this action in this District's Fort Myers Division against Defendant Stacey Petcol in her capacity as an administrator with Florida's Sixth District Court of Appeal. (Doc. 1). In his complaint, Nerison challenged the state appellate court's alleged refusal to act on an "extraordinary writ"

he submitted to that court until he paid the filing fee. *Id.* Nerison also averred in his complaint that he was indigent and that the monies needed to pay the appellate fee—which he described as "court registry surplus funds"—were "restrained by court action itself." *Id.* Along with his complaint, Nerison filed an IFP Motion, as well as a motion for a temporary restraining order (TRO) and a motion for CM/ECF electronic access. (Docs. 2, 5, 6).

Shortly after Nerison commenced this lawsuit, the presiding District Judge in the Fort Myers Division—the Honorable Sheri Polster Chappell—issued an Order transferring the case to the Tampa Division where the Sixth District Court of Appeal is located. (Doc. 7). Judge Chappell also denied Nerison's motion for a TRO in her Order. *Id.*

Following the transfer of the action, the Court entered two Orders in mid-February 2026 resolving Nerison's motion for CM/ECF electronic access and his IFP Motion. (Docs. 10, 11). In the first of these Orders, the Court granted Nerison's request for CM/ECF access only to the extent that it authorized him to receive documents electronically. (Doc. 10). In accordance with this ruling, the Court instructed the Clerk to add Nerison's email address identified in his motion—i.e., naplestechguy@yahoo.com—to CM/ECF solely for purposes of this matter. *Id.* The Court warned Nerison, however, that the Clerk would no longer be mailing filings to him and that he would instead be supplied with a hyperlink to view such materials. *Id.*

2

In the second Order, the Court directed the Clerk to remove Nerison's IFP Motion from the docket because he included the full name of his minor daughter (as opposed to her initials) in violation of Section I.2a of the Administrative Procedures for Electronic Filing.  (Doc. 11).  The Court also commanded Nerison to file an amended IFP Motion no later than February 28, 2026.  *Id.*  The Clerk sent both of the February 2026 Orders to Nerison's physical address by U.S. mail.

Notwithstanding the Court's directive in the second February 2026 Order, Nerison did not submit an amended IFP Motion or pay the filing fee by the February 28 deadline.  Nonetheless, in an abundance of caution, the Court entered an Order in early March affording Nerison an extension of time until March 30, 2026, to abide by the Court's instructions.  (Doc. 12).  The Clerk transmitted the March 2026 Order to Nerison's email address via CM/ECF.

Despite the additional time provided to him, Nerison did not file a new IFP Motion or pay the filing fee by the March 30 deadline.  Nor has he done so since then.

## II.

"Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order."  *Foudy v. Indian River Cnty. Sheriff's Off.*, 845 F.3d 1117, 1126 (11th Cir. 2017) (citations omitted).  A district court also may dismiss a civil action sua sponte for want of prosecution.  *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633 (1962).

Irrespective of whether Nerison can state a valid claim, which I question, his suit should be dismissed.  As detailed above, Nerison has not diligently pursued this

case following its transfer to this District, and he has also ignored multiple Court Orders setting deadlines for him to submit an amended IFP Motion or to pay the filing fee. Under such circumstances, the Court may dismiss this action on its own accord. *See Zocaras v. Castro*, 465 F.3d 479, 483 (11th Cir. 2006) ("[A] court . . . has the inherent ability to dismiss a claim in light of its authority to enforce its orders and provide for the efficient disposition of litigation.") (citing *Link*, 370 U.S. at 630–31); *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005) ("[A] federal district court possesses the inherent authority to dismiss an action for want of prosecution.") (internal quotation marks and citation omitted).

III.

For the reasons set forth above, I respectfully recommend that the Court dismiss Nerison's complaint without prejudice (Doc. 1) and direct the Clerk to close the case.

Respectfully submitted this 23rd day of April 2026.

HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

<u>**NOTICE TO PARTIES**</u>

A party has fourteen (14) days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections, or to move for an extension of time to do so, waives

4

that party's right to challenge on appeal any unobjected-to factual finding(s) or legal conclusion(s) the District Judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

Copies to:
Honorable Mary S. Scriven, United States District Judge
Pro se Plaintiff